UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAROLD SPEED,

        Plaintiff,

v.

KIA AMERICA, INC. and
TIM WALKER,

        Defendants.

Case No. 25-CV-297-JPS

ORDER

### 1. INTRODUCTION

In February 2025, Plaintiff Harold Speed ("Plaintiff") sued Defendants Tim Walker ("Walker") and Kia America, Inc. ("Kia") for defamation and intentional interference with a professional relationship. ECF No. 1. In August 2025, Walker brought a motion to dismiss the amended complaint, ECF No. 5, for lack of personal jurisdiction. ECF No. 26. That motion is now fully briefed. ECF Nos. 27, 31, and 36. The Court, however, will deny the motion without prejudice at this juncture given Plaintiff's failure to properly plead diversity jurisdiction in the operative complaint.[1]

### 2. STANDARD

Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S.

---

[1] As to Plaintiff's motion to withdraw admissions, ECF No. 38, the briefing schedule for that will be stayed pending the filing of a second amended complaint correcting the defects identified below.

500, 514 (2006)). Federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

**3.    ANALYSIS**

The Court has noted the following jurisdictional defects in the allegations of the Amended Complaint, ECF No. 5, filed by Plaintiff. First, Plaintiff has failed to properly allege Kia's citizenship. The citizenship of a business entity depends on the nature of its organization. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In this case, Plaintiff has only identified that Kia's "principal offices" are in California and that it "is domiciled in California." ECF No. 5 at 5–6. This level of pleading is insufficient since domicile is not synonymous with the state of incorporation. *Ind. Farm Bureau Ins. v. Gree USA Inc.*, 2019 U.S. Dist. LEXIS 116151, at *2–3 (N.D. Ind. July 12, 2019) (citing *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974–75 (7th Cir. 1998) and *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998)). Both must be pled even where the state of incorporation and the state of the principal place of business are one and the same. *Karazanos*, 147 F.3d 624 at 628. Second, because Plaintiff has failed to allege Kia's state of incorporation, Plaintiff has failed to allege complete diversity. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page*, 2 F.4th at 636 (7th Cir. 2021) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, no such allegation has been made, nor could it be given the incomplete pleading as to Kia.

The Court will grant Plaintiff leave to amend his complaint to address these deficiencies. If Plaintiff does not file a second amended complaint by **December 2, 2025**, or if his second amended complaint fails to cure these deficiencies, his case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Tim Walker's motion to dismiss for want of jurisdiction, ECF No. 26, be and the same is hereby **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that the briefing as to Plaintiff Harold Speed's motion to withdraw admissions, ECF No. 38, be and the same is hereby **STAYED** pending the filing of a second amended complaint; and

**IT IS FURTHER ORDERED** that Plaintiff Harold Speed shall **FILE** a second amended complaint on or before **December 2, 2025**, curing the deficiencies with respect to jurisdiction. Failure to timely or satisfactorily do so may result in dismissal without prejudice of this action.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge