# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HAROLD SPEED,

                Plaintiff,

v.

KIA AMERICA, INC. and TIM WALKER,

                Defendants.

Case No. 25-CV-297-JPS

**ORDER**

## 1. INTRODUCTION

On July 2, 2025, Defendant Kia America ("Kia") served Plaintiff Harold Speed ("Speed") with Defendant's First Set of Requests for Admission—of which there were twenty-one—pursuant to Federal Rule of Civil Procedure 36. ECF Nos. 35-1 at 6 and 35-2. The parties agree that, according to Rule 36(a)(3), Speed's answers were due thirty days after they were served, on August 1, 2025, but Speed did not serve them on Kia until September 26, 2025. ECF Nos. 35 at 1–2, 35-3 at 50, 38 at 1. On September 29, 2025, Kia moved to deem those twenty-one items admitted. ECF No. 35. On October 20, 2025, Speed moved to withdraw those admissions. ECF No. 38. The Court will consider the matter to be fully briefed, as any time for additional briefing has well expired. ECF Nos. 35, 38, 39. For the reasons set forth below, the Court will deny as moot Kia's motion to deem admitted, ECF No. 35, and grant Speed's motion to withdraw, ECF No. 38.

## 2. LEGAL STANDARD

Rule 36 is an "automatic operation," such that a party need not move to have certain facts admitted. *Dish Network LLC v. Shah*, No. 24 C 4745, 2025 WL 2549255, at *2 (N.D. Ill. Jan. 31, 2025); FED. R. CIV. P. 36(a)(3) ("A matter is deemed admitted unless, *within 30 days of being served*, the party to whom the request is directed serves . . . a written answer . . . ." (emphasis added)). The party that fails to timely serve answers is the one who bears the burden of moving to withdraw such admissions. FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended."(emphasis added)).

"A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) (citing FED. R. CIV. P. 36(b)).

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of a sudden need to obtain evidence with respect to the questions previously answered by the admission.

*Blow v. Bijora, Inc.*, 855 F.3d 793, 800 (7th Cir. 2017) (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002)).

## 3. ANALYSIS

Because Speed was automatically deemed to have admitted the Requests for Admission served on him by Kia when he failed to timely

answer, *see supra* Section 2, the Court will deny as moot Kia's motion to deem those facts admitted, ECF No. 35.

The Court will now turn to Speed's motion to withdraw the admissions. ECF No. 38. In its opposition, Kia argues that "instead of timely responding or filing the required motion for withdrawal, [Speed] ignored the rules of civil procedure and served his responses to Kia['s] . . . Request[s] for Admission 56 days late, only after a meet and confer conference as required by this Court [where Kia] informed him that [it] intend[ed] to file [a] motion [to deem facts admitted]." ECF No. 35 at 2 (citing ECF Nos. 35-3 and 35-4). Kia further argues that "no withdrawal or amendment would be warranted because the admissions . . . made promote the presentation of [the] merits of [this] action and the purpose of Rule 36, that is orderly the disposition [sic] of the matter and [the] narrowing of issues." *Id*. Thus, Kia argues, "[a]llowing the withdrawal of any admission would reward [Speed]'s lack of diligence and [his] violation of the rules of this Court, while prejudicing Kia America [because the] admissions dispositively narrowed issues in the case and alleviate[d] great expense" for Kia in "having to address the admitted facts." *Id*. at 2–3.

In contrast, Speed argues that the presentation of the merits is better served by withdrawing his admissions. ECF No. 38 at 2. Namely, Speed suggests that Kia contradicts itself by claiming both that the admissions promote the merits of this action and that the admissions narrow the issues in the case and allow Kia to avoid addressing the admitted facts. *Id*. "It cannot be true," Speed argues, "that the merits would be better addressed by not addressing some of the merits. The admissions would have the effect of limiting or resolving factual determinations on key issues related to the

Page 3 of 6
Case 2:25-cv-00297-JPS    Filed 03/09/26    Page 3 of 6    Document 46

merits of this action, and therefore, the first requirement of a Rule 36(b) motion is satisfied." *Id*.

In terms of the second requirement, Speed suggests that no prejudice exists here. *Id*. at 2–3. He points out the procedural posture of the case: "Motions to dismiss remain pending. Discovery has barely begun. No parties have been deposed. No opportunities whatsoever have been foreclosed upon." *Id*. at 3. He further argues that Defendant's only stated prejudice—having to litigate over admitted facts, and the expense that accompanies that—does not "approach the level of prejudice needed to avoid a motion for withdraw[al] of admissions under Rule 36(b)." *Id*. Speed also claims that he informed Kia on September 25, 2025 that he planned to file a motion to withdraw, and he notes that any prejudice is resolved by the fact that Speed has already provided his answer to Kia's Requests for Admission. *Id*.

The Court agrees with Speed. First, in making its argument, Kia admits that the admissions here bear on the merits of this action. ECF No. 35 at 3 (noting that the admissions alleviate Kia's expense in having to address certain facts). The Court agrees that, if deemed admitted, the statements would doom both of Speed's claims. Forming the basis of both his defamation and interference with a business relationship claims are Speed's allegations that Walker purportedly reported to Speed's employer that he was "unethical," "incompetent," "failed to fulfill his job duties," and "violated Kia's interests." ECF No. 41 at 4. Thus, Speed's claims are doomed if he is deemed to have admitted he "never heard Tim Walker say to anyone" any of these comments. ECF No. 35-1 at 2. To be certain, allowing the withdrawal of the admissions serves the presentation of the merits of

the case by ensuring that the parties engage in discovery about these key facts.

As to the second requirement, there is no prejudice to Speed at this juncture. While the Court does not countenance a fifty-six day delay, it also cannot find that Kia has experienced prejudice, particularly based on Speed's representation that he provided notice to Speed of his intent to file his motion to withdraw as he served his discovery responses in September 2025. ECF No. 38 at 3. Just as significant, as Speed observes, at the time of this Order there is a motion to dismiss pending in this case. ECF No. 44. Speed also represents that discovery has "barely begun," noting that no depositions have occurred, a fact that Kia has not disputed. ECF No. 38 at 3. In fact, Kia has not filed a reply brief at all, leaving the Court with a "deafening" silence as to what prejudice might exist beyond having to now litigate the case on its merits. *Cf. ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 844 F. Supp. 2d 937, 938 (N.D. Ill. Feb. 22, 2012) (noting that the defendants' "total silence" in their brief as to what justified their attempt to withdraw their jury trial waiver was "deafening" and "sp[oke] louder than any weak attempt to [provide] some legitimate reason"). And as Speed noted, the "obligation to litigate a case on the merits" is an insufficient reason to find prejudice. *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016).

4. **CONCLUSION**

For the reasons contained herein, the Court will deny as moot Kia's motion to deem facts admitted, ECF No. 35, and grant Speed's motion to withdraw his admissions, ECF No. 38.

Accordingly,

**IT IS ORDERED** that Plaintiff Harold Speed's motion to withdraw his admissions, ECF No. 38, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant Kia America, Inc.'s motion to deem facts admitted, ECF No. 35, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge